## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### (Northeastern Division)

| | |
|---|---|
| **Daisy Herrera**<br><br>    Plaintiff,<br><br>  v.<br><br>**DaikyoNishikawa USA Inc.**<br>    Defendant. | Case No.:<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

1. PLAINTIFF, Daisy Herrera ("Ms. Herrera"), brings this complaint for damages against DEFENDANT, DaikyoNishikawa USA Inc. ("Defendant") and alleges as follows:

### STATEMENT OF JURISDICTION

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 and the Pregnant Workers Fairness Act ("PWFA"); 42 U.S.C. § 2000gg. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by the PWFA against employment discrimination related to pregnancy, childbirth, or related medical conditions.

3. Venue is proper under 28 U.S.C. § 1391(b) because the harm alleged in this complaint occurred within the jurisdiction of this Court, and the Defendant is located within this jurisdiction.

**COMPLAINT**, page 1 of 9

## PARTIES

4. Ms. Herrera is a citizen of the Northern District of Alabama and is over the age of nineteen.

5. Defendant is a foreign corporation that is headquartered in the country of Japan and at all relevant times, was and is doing business in the Northern District of Alabama.

## INTRODUCTION

6. The PWFA requires employers to accommodate "known limitations" arising from a worker's "pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000gg-1.

7. Congress directed the Equal Employment Opportunity Commission ("EEOC") to issue an implementing rule "provid[ing] examples of reasonable accommodations" by December 2023. 42 U.S.C. § 2000gg-3(a).

8. In response, the EEOC proposed a PWFA rule in August 2023. *See* EEOC, *Regulations to Implement the Pregnant Workers Fairness Act*, 88 Fed. Reg. 54,714 (Aug. 11, 2023) (Proposed Rule).

9.  The EEOC is charged with promulgating regulations under the PWFA, *see* 42 U.S.C. § 2000gg-3(a), and with enforcing the PWFA and related agency guidelines and rules, *id.* § 2000gg-2. The EEOC may also issue "right-to-sue" letters that allow private individuals to sue their employers for violating the PWFA or EEOC's final PWFA rule. *See id.* § 2000e-5(b), f(1).

10. Ms. Herrera timely filed a charge of discrimination with the EEOC, and has timely filed this lawsuit per the timeframe stipulated in the right-to-sue letter.

11. The PWFA makes it unlawful for "covered" employers to discriminate against an employee with a "known limitation." Such discrimination includes: (1) refusing to provide reasonable accommodations; (2) forcing an employee to accept an accommodation that is not reasonable; (3) denying employment opportunities because of the employee's need for a reasonable accommodation; (4) forcing an employee to take paid or unpaid leave rather than providing a reasonable accommodation; or (5) taking an adverse employment action against an employee because they requested a reasonable accommodation. 42 U.S.C. § 2000gg-1.

### FACTS ALLEGED

12. Ms. Herrera began working for the Defendant in or around April or May of 2023 at Defendant's 9000 Greenbrier Parkway Madison, AL 35756 location.

13. Ms. Herrera worked full-time as an Operator on a production line making parts for an automobile manufacturer.

14. Her job required standing for the duration of her shift, moving and lifting heavy materials.

15. On September 11, 2023, Ms. Herrera began maternity leave.

16. Ms. Herrera gave birth to her son on September 15, 2023.

17. Ms. Herrera advised a Human Resources Representative, named Mara, that she had previously spoken with a Supervisor named Angie who advised her that her maternity leave would be approved through the date set by The Hartford Insurance Group who were handling her Short-Term Disability claim.

18. Mara advised Ms. Herrera that her first week out would be considered paid-time off and that her leave would start the following week.

19. On October 11, 2023, however, Ms. Herrera received a text message from Mara advising her that Human Resources Manager, Sheila Cassady ("Ms. Cassady"), advised that her maternity leave was complete that same day and that she needed to report to work that evening.

20. Ms. Herrera, as of October 11, 2023, was only 3.5 weeks postpartum and still healing from third-degree tearing that she endured during her delivery of her son.

**COMPLAINT**, page 4 of 9

21. Ms. Herrera advised Ms. Cassady that she had not yet gone to her first postpartum follow-up visit with her doctor which was scheduled for October 26, 2023, and therefore, she did not know when her actual return to work date was.

22. Ms. Cassady advised Ms. Herrera that she would need to provide medical documentation showing that her doctor was keeping her out of work until October 26, 2023.

23. Ms. Herrera advised that she would visit her clinic and obtain the requested documentation.

24. On Friday, October 13, 2023, Ms. Herrera went to the clinic to obtain the requested paperwork and was advised that the individual who handled such requests was not in the clinic that day and that she would need to come back on Monday, October 16, 2023 (she was unable to go to the clinic on Wednesday, October 11, 2023 due to the short notice given to her that she needed to return to work that evening. She was unable to go to the clinic on Thursday, October 12, 2023, because she did not have anyone to take care of her 3.5-week-old son on that day).

25. On Monday, October 16, 2023, Ms. Herrera contacted Ms. Cassady and advised her that she was unable to return to work and that she needed to discuss her release to return to work date with her doctor at her October 26, 2023 postpartum follow-up visit.

**COMPLAINT**, page 5 of 9

26. Ms. Cassady advised Ms. Herrera that she was scheduled to be terminated that same day, October 16, 2023, if she did not produce the requested medical documentation.

27. Ms. Herrera was terminated from her job due to her inability to return to work on October 11, 2023 because of her physical condition which was related to, affected by, and/or arose out of pregnancy, childbirth, and/or related medical conditions.

28. Defendant was aware that Ms. Herrera was unable to return to work on the requested date of October 11, 2023 and hastily terminated her employment because of her inability to return to work on October 11, 2023.

29. Defendant received updates from The Hartford Insurance Group and Ms. Herrera's clinic and knew of her restrictions and that those restrictions were related to pregnancy and childbirth.

## CLAIMS FOR RELIEF

### COUNT ONE
**(Defendant Willfully Interfered with Ms. Herrera's right to accommodation in violation of the PWFA due to her physical limitation related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions.)**

30. Defendant is a "covered entity" subject to the provisions of the PWFA, 42 U.S.C. § 2000gg-1, as Defendant is engaged in industry affecting commerce and has 15 or more employees. Ms. Herrera is an "employee" entitled to protections under the PWFA, 42 U.S.C. § 2000gg-1.

**COMPLAINT**, page 6 of 9

31. Defendant wrongfully terminated Ms. Herrera and refused to accommodate her physical limitations in violation of the PWFA, 42 U.S.C. § 2000gg-1.

32. Ms. Herrera's inability to return to work was temporary. She was terminated on October 16, 2023, and she was released to return to work on October 26, 2023 after her first postpartum check-up with her doctor. Under the PWFA, qualified employees are either (a) those who can perform the essential functions of the role with or without reasonable accommodation or (b) those whose inability to perform an essential function of the role is temporary and can be reasonably accommodated. *H.R. 2617-1626, 117th Cong. § (6).*

33. Under the PWFA, employers must accommodate pregnant employees even if they cannot perform the essential functions of their positions so long as their inability to do so is for a "temporary period" and that essential job function can be performed in "the near future," if the inability to perform the essential function can be reasonably accommodated. *H.R. 2617-1626, 117th Cong. § 102 (6).* Ms. Herrera's inability to perform her job functions was temporary. She was released to return to work 10 days after Defendant terminated her employment.

34. Defendant knowingly and willfully violated Ms. Herrera's PWFA rights when they terminated her on October 16, 2023 due to her

physical limitation(s) related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions. PWFA, 42 U.S.C. § 2000gg-1.

35. The acts committed by Defendant were outrageous, wanton, intentional, and in deliberate disregard of Ms. Herrera's established rights.

36. Defendants knowingly and willfully violated the PWFA. Employers may not take an adverse action in the terms, conditions or privileges of employment against an employee for requesting or using an accommodation.

37. For private sector employees, the PWFA tracks the enforcement powers, procedures, and remedies established under the Civil Rights Act of 1964. A court may award lost pay, interest, compensatory damages, punitive damages, costs, and reasonable attorneys' fees.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

A. Grant Plaintiff an order requiring Defendant to make Plaintiff whole by granting appropriate declaratory relief, lost wages, compensatory and punitive damages; and

B. Grant Plaintiff a permanent injunction enjoining Defendant, its agents,

**COMPLAINT**, page 8 of 9

successors, employees, attorneys and those acting in concert therewith from continuing to violate the civil rights laws.

C. Plaintiff prays for attorneys' fees and such other and further, different or additional relief as justice may require.

Respectfully submitted on: July 9, 2024

By:

/s/ Ramon Martin
Ramon Martin (ASB-1597-X69W)

Of Counsel:

The Justice Law Firm, LLC
505 20th Street North
Suite 1220-1157
Birmingham, AL 35203
Phone: 205-983-2017
Email: Ramon.Martin@LegalJusticeMatters.com

**COMPLAINT**, page 9 of 9